**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION**

MARY K. WALLS and KATIE GEIS,
individually and on behalf of all others
similarly situated,

                Plaintiffs,

        *vs.*                        Case No.: 1:19-cv-00401

OLSON LEGAL GROUP LLC,

                Defendant.

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT**

This action is brought by Plaintiffs, MARY K. WALLS and KATIE GEIS, individually and on behalf of all others similarly situated, against Defendant, OLSON LEGAL GROUP LLC ("OLSON"), based on the following:

### I.    PRELIMINARY STATEMENT

1.    Plaintiffs have brought this action individually and on behalf of all others similarly situated for the illegal practices of Defendant when attempting to collect an alleged debt from them in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p.

2.    Such practices include attempting to collect consumer debts by engaging in conduct prohibited by, or failing to engage in conduct required by, the FDCPA.

3.    The FDCPA regulates the behavior of "debt collectors" (including collection agencies, collection attorneys, debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies,

marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a). The FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

4. The FDCPA, at 15 U.S.C. § 1692c, prohibits when and with whom a debt collector may communicate when attempting to collect a debt and, at 15 U.S.C. § 1692b, limits communications with third parties to the collection of "location information."

5. When collecting or attempting to collect a debt, the FDCPA bars a debt collector's use of: (a) harassing, oppresive, and abusive conduct; (b) false, deceptive, or misleading means or representations; and (c) unfair or unconscionable means. 15 U.S.C. §§ 1692d, 1692e, and 1692f. Each of those Sections contain a list of specific *per se* violations but they are nonexclusive and do not limit the general application of each Section's broad prohibitions.

6. When the collection process starts, the FDCPA requires a debt collector to provide a consumer with basic debt information and the consumer's right to debt-verification. 15 U.S.C. § 1692g.

7. When the collection process escalates to litigation, the FDCPA prohibits lawsuit from being commenced in a distant venue. 15 U.S.C. § 1692i.

8. Although the FDCPA is not a strict-liability statute, "most infractions result in liability" without proof of *scienter* unless the specific infractions includes an element of intent or purpose, or the debt collector can affirmatively prove a *bona fide* error under 15 U.S.C.

Page **2** of **11**
Case 1:19-cv-00401-WCG   Filed 03/19/19   Page 2 of 11   Document 1

§ 1692k(c). *Oliva v. Blatt, Hasenmiller, Leibsker & Moore LLC*, 864 F.3d 492, 502 (7th Cir. 2017), *cert. denied,* 138 S. Ct. 1283 (2018).

9. A debt collector's conduct violates the FDCPA when viewed from the perspective of an "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). "The unsophisticated consumer is uninformed, naive, and trusting, but possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences." *Williams v. OSI Educ. Servs., Inc*, 505 F.3d 675, 678 (7th Cir. 2007) (internal editing notations and quotation marks omitted).

10. A single violation is sufficient to establish liability. *Nielsen v. Dickerson*, 307 F.3d 623, 640 (7th Cir. 2002).

11. When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. Statutory damages are limited: a plaintiff may recover no more than $1,000, and the class may recover up to $500,000 or 1% of the debt collector's net worth, whichever it less.

12. Plaintiffs are seeking, both individually and on behalf of all others similarly situated, such relief as is allowed under FDCPA including, without limitation, statutory damages, attorney fees and costs.

## II. PARTIES

13. WALLS is a natural person.

14. At all times relevant to this lawsuit, WALLS was a citizen of, and resided in, the City of Neenah, Winnegabo County, Wisconsin.

15. GEIS is a natural person.

16. At all times relevant to this lawsuit, GEIS was a citizen of, and resided in, the City of Oshkosh, Winnegabo County, Wisconsin.

17. OLSON is a for-profit limited liability company formed under the laws of the State of Wisconsin.

18. On information and belief, OLSON maintains its principal place of business at 146 Algoma Boulevard, Suite A, Oshkosh, Winnebago County, Wisconsin.

### III. JURISDICTION & VENUE

19. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1337.

20. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to claims occurred within this federal judicial district, and because Defendant is subject to personal jurisdiction in the State of Wisconsin at the time this action is commenced.

### IV. FACTS RELATING TO WALLS

21. OLSON regularly engages in the collection of defaulted consumer debts.

22. OLSON regularly collects or attempts to collect debts alleged to be owed others.

23. In attempting to collect debts, OLSON uses the mails, telephone, the internet, and other instruments of interstate commerce.

24. OLSON mailed or caused to be mailed a letter dated April 9, 2018 (the "Walls Letter") to WALLS.

25. A true and correct copy of the Walls Letter is attached as *Exhibit A*, except that the undersigned counsel has partially redacted the Letter.

26. The Walls Letter alleged WALLS had incurred and defaulted on financial obligations (the "Walls Debt") owed to a medical provider.

27. The alleged Walls Debt arose out of one or more transactions in which the services that were the subject of the transactions were primarily for personal, family, or household purposes.

28. The Letter was OLSON'S first written communication to WALLS in an attempt to collect the Walls Debt.

29. On information and belief, sometime prior to April 9, 2018, the creditor of the Walls Debt either directly or through intermediate transactions assigned, placed, or transferred the debt to OLSON for collection.

30. The Letter stated the "Balance" was $889.86.

31. At all times relevant to this complaint, OLSON and the creditor on whose behalf OLSON was acting retained the right as a matter of law to add interest[1] to the Walls' Debt.

32. The Letter did not contain any statement or otherwise give notice that the Debt had, or soon would be, increasing due to accruing interest.

33. The failure to disclose interest was accruing is misleading to an unsophisticated consumer, who would otherwise believe that that payment of the amount stated would satisfy the debt.

34. The Letter fails to state when, in what amount, or in what manner interest will be added to the Debt.

---

[1] *See, Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 367 (7th Cir. 2018) ("creditors of medical debts may charge interest"), and, *Aker v. Americollect, Inc.*, 854 F.3d 397, 400 (7th Cir. 2017) ("neither state nor federal law forbids dunning letters that demand 5% interest from debtors in Wisconsin").

35. The Letter's failure to give notice that the amount owed was increasing periodically due to accruing interest is materially false, deceptive, and misleading to an unsophisticated consumer.

36. The unsophisticated consumer, who often has more debts to pay than money to pay them, would consider the accrual of interest as a relevant factor when choosing which debt to pay.

### V. FACTS RELATING TO GEIS

37. OLSON mailed or caused to be mailed a letter dated April 2, 2018 (the "Geis Letter") to GEIS.

38. A true and correct copy of the Geis Letter is attached as ***Exhibit B***, except that the undersigned counsel has partially redacted the Letter.

39. The Geis Letter alleged GEIS had incurred and defaulted on a financial obligation (the "Geis Debt").

40. The alleged Walls Debt arose out of one or more transactions in which the services that were the subject of the transactions were primarily for personal, family, or household purposes.

41. The Letter was OLSON'S first written communication to GEIS in an attempt to collect the Geis Debt.

42. On information and belief, sometime prior to April 2, 2018, the creditor of the Geis Debt either directly or through intermediate transactions assigned, placed, or transferred the debt to OLSON for collection.

## VI. FACTS RELATING TO WALLS AND GEIS

43. At the top of the Walls and Geis Letters, the letterhead stated Olson Legal Group, LLC.

44. The Letters were signed:

Sincererly,

Olson Legal Group LLC

[handwriting]

Nathan P Olson

NPO/leg

45. On information and belief, no licensed attorney had direct personal involvement in the drafting and mailing of the Letters.

46. On information and belief, no licensed attorney considered the particular circumstances of either the Walls Debt or the Geis Debt prior to causing the Letter to be sent.

47. The Letters give the false impression to an unsophisticated consumer that they were from an attorney when, in fact, the Letters was not from an attorney in any meaningful sense of the word.

48. On information and belief, the Letters were created by merging information specific to a debt and consumer with a template to create what is commonly called a "form letter."

49. Consequently, on information and belief, OLSON caused the same form collection letter to be mailed to others who, like WALLS and GEIS, reside in Wisconsin.

## VII. CLASS ALLEGATIONS

50. OLSON's conduct is consistent with its policies and practices when attempting to collect debts from consumers. Consequently, this action is brought by WALLS and GEIS, both individually and on behalf of all other persons similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

51. Plaintiffs are seeking to certify a class and a sub-class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

52. *Class Definition.* The Class consists of: All natural persons to whom Defendant mailed a written communication in the form of *Exhibits A* or *B* to an address in the State of Wisconsin during the Class Period which begins on March 19, 2018 and ends on April 9, 2019.

53. The identities of the Class members are readily ascertainable from OLSON's business records or those entities on whose behalf OLSON attempted to collect debts.

54. *Class Claims.* The Class claims include all claims each Class member may have for a violation of the FDCPA arising from Defendant having mailed a written communication in the form of *Exhibits A* or *B* to such Class member.

55. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

56. *Numerosity.* On information and belief, the Class is so numerous that joinder of all members would be impractical and includes at least 40 members.

57. *Common Questions Predominate.* Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members because such questions and issues concern the same conduct by OLSON with respect to each Class member.

58. *Typicality.* Plaintiffs' claims are typical of those of the Class because those claims arise from a common course of conduct engaged in by OLSON.

59. *Adequacy.* Plaintiffs will fairly and adequately protect the interests of the Class members insofar as Plaintiffs have no interests adverse to the Class members. Moreover, Plaintiffs are committed to vigorously litigating this matter and retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

60. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to the Class members predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

61. Based on discovery and further investigation (including, but not limited to, disclosure by OLSON of class size and net worth), Plaintiffs may, in addition to moving for class certification using modified definitions of the Class and/or Class claims, and the Class period, seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

## VIII. CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

62. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

63. OLSON is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

64. The Walls Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

65. The Geis Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

66. WALLS is a "consumer" as defined by 15 U.S.C. § 1692a(3).

67. GEIS is a "consumer" as defined by 15 U.S.C. § 1692a(3).

68. WALLS is a "consumer" as defined by 15 U.S.C. § 1692a(3).

69. GEIS is a "consumer" as defined by 15 U.S.C. § 1692a(3).

70. The use and mailing of *Exhibits A* and *B* by OLSON in an attempt to collect the Debts violated the FDCPA in one or more following ways:

   (a) Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e;

   (b) Making the false representation or creating the false implication that any individual is an attorney or that any communication is from an attorney in violation of 15 U.S.C. § 1692e(3);

   (c) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, in violation of 15 U.S.C. § 1692e(10); and

   (d) Failing to provide a written notice containing the information required under 15 U.S.C. § 1692g(a) either with the initial communication or within five days after the initial communication.

### IX.   PRAYER FOR RELIEF

71. WHEREFORE, Plaintiffs demands judgment against OLSON as follows:

   (a) An Order certifying this action as a class action pursuant to Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure including, but not limited to, defining the Class and the Class claims, issues, or defenses, and appointing the undersigned counsel as class counsel pursuant to Rule 23(g);

(b) An award of statutory damages for the Plaintiffs and the Class pursuant to 15 U.S.C. § 1692k(a)(2);

(c) An award to Plaintiffs for services on behalf of the Class as determined in the discretion of the Court;

(d) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

(e) An award of actual damages to Plaintiffs or the Class to the extent the recovery of reasonable attorneys' fees and costs cause a negative tax consequence to Plaintiffs or the Class; and

(f) For such other and further relied as may be just and proper.

## X. JURY DEMAND

72. Trial by jury is demanded on all issues so triable.

Dated: March 19, 2019

*s/Francis R. Greene*
*Francis R. Greene*
Francis R. Greene (WI Bar # 1115577)
Philip D. Stern (NJ Bar # 045921984)
Andrew T. Thomasson (NJ Bar # 048362011)
*Attorneys for Plaintiffs, Mary Walls and Katie Geis*
STERN•THOMASSON LLP
3010 South Appleton Road
Menasha, Wisconsin 54952
Telephone (973) 379-7500
E-mail: Philip@SternThomasson.com
E-mail: Andrew@SternThomasson.com
E-mail: Francis@SternThomasson.com